By the Court, Bronson, J.
A judge at chambers cannot allow costs except where the case has been specially provided for by statute, and no such provision has been made in refer ence to a proceeding of this kind. Probably the attention of the judge was not called to the question of costs at the time the order was drawn up.
In cases where the defendant may be held to bail without a judge’s order, he may apply to a judge at chambers or a commissioner for an order that the plaintiff show cause of action, and, after hearing the parties, the judge may make an order either mitigating bail, or discharging the defendant on his filing common bail. But I am not aware of any such practice where the defendant has been held to bail in pursuance of a judge’s order. The remedy in that case, if the defendant has any grounds for complaint, is an application to the court to set aside or modify the order to hold to bail. Such was the course taken in Classon v. Gould, (2 Caines, 47,) Fan Vechten v. Hopkins, (2 John. R. 293,) and Norton v. Barnum, (20 John. R. 337.) In general, when an order has been made by a judge at chambers or a commissioner, the proper course is to apply to the same officer to vacate his order, and his decision upon the application may be brought before the court on motion in the nature of an appeal. In the case of an order to hold to bail, however, the defendant, as will be seen from the cases already cited, may apply to the court in the first instance, and without asking the officer to vacate the order. But when an order has been made by one judge or commissioner, no other judge or commissioner can set it aside. That can only be done by the court, or by the officer who made the order. A different rule would lead to endless controversy. Two officers might alternately revoke each other’s orders ad, infinitum. The order to hold to bail could only be set aside or modified by the recorder who made it, or on application to the court.
Motion granted.